

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2009

# Derrickson v. DA Delaware Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Derrickson v. DA Delaware Cty" (2009). *2009 Decisions.* Paper 1760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3818
_____

RODNEY DERRICKSON,

Appellant

v.

DISTRICT ATTORNEY OF DELAWARE COUNTY,
A. SHELDON KOVACH, DEPUTY
DISTRICT ATTORNEY OF DELAWARE COUNTY,
IN HIS OFFICIAL CAPACITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 04-cv-01569)
District Judge:  Hon. Thomas N. O'Neill, Jr.

Argued on December 11, 2008

Before:  McKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed March 11, 2009)

Fuad Rana, Esquire **(Argued)**
Paul W. Schmidt, Esquire
Covington & Burling
1201 Pennsylvania Avenue, N. W.
Washington, DC   20004


          Counsel for Appellant


Matthew J. Connell, Esquire  **(Argued)**
Holsten & Associates
One Olive Street
Media, PA   19063

          Counsel for Appellees

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Rodney Derrickson asks this Court to create a post-conviction constitutional right, cognizable under 42 U.S.C. § 1983 and rooted in *Brady v. Maryland*, 373 U.S. 83 (1963), and the Due Process Clause of the Fourteenth Amendment, to access crime scene evidence in order to conduct scientific testing which may or may not yield exculpatory results.  The evidence in question was available to Derrickson prior to and during his trial, and the same testing could have been performed at that time.  The District Court granted summary judgment in favor of defendants, holding that Derrickson had failed to establish the elements of a *Brady* violation.  We exercise plenary review, construing the evidence

2

in the light most favorable to Derrickson. *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006). We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, Derrickson's § 1983 claim is only cognizable if he has asserted the violation of a constitutional right by someone acting under color of state law. *See Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999). Derrickson's claim fails to meet this threshold.

First, Derrickson has failed to meet the required showing under *Brady* that the prosecution withheld or suppressed the evidence prior to or during his trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Indeed, the evidence at issue was available to Derrickson and his counsel throughout the trial, and Derrickson concedes that no efforts were made to access it until ten years after his conviction.

Second, Derrickson has failed to establish that the evidence is or would be exculpatory. *See id.* No testing was ever done on the evidence, and, given the state in which it has been stored all these years, there is no indication that testing performed at this point would be conclusive. Moreover, it is just as likely that testing would yield proof of guilt as proof of innocence.

In sum, Derrickson's case is distinguishable from those in which convicted

3

individuals request access to evidence for DNA or other scientific testing that did not exist at the time of their original convictions. *See, e.g.,* 18 U.S.C. § 3600(a) (providing for post-conviction DNA testing of prisoners under certain circumstances); *McKithen v. Brown*, 481 F.3d 89, 93 (2d Cir. 2007); *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*, 423 F.3d 1050, 1054–55 (9th Cir. 2005), *cert. granted*, 129 S. Ct. 488 (2008).

Accordingly, we will affirm the judgment of the District Court.

4